Joel Bernstein (JB 4488)
e-mail:joelb@solomonbernstein.com
Isabel Rodriguez (IR 2771)
e-mail:isabelr@solomonbernstein.com
SOLOMON & BERNSTEIN
351 Broadway, Third Floor
New York, New York 10013
Tel:   (212) 545 - 8611
Fax:   (212) 545 - 0238

*Attorneys for Plaintiff Judah Wolf*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JUDAH WOLF,

                Plaintiff,

  - against -                            Index No. 08 Civ. 934 (WHP)

AVX CORPORATION,

                Defendant.

------------------------------------------------------------x

**PLAINTIFF JUDAH W0LF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER**

Plaintiff submits this Memorandum and the accompanying Declaration of Judah Wolf [hereinafter "Plaintiff" or "Wolf"] in opposition to Defendant AVX Corporation's [hereinafter "AVX"] motion to dismiss or alternatively to transfer to the Middle District of Florida.

## PRELIMINARY STATEMENT

AVX is the beneficial owner of the shares of American Technical Ceramics Corp. [hereinafter "ATC"]. AVX controls ATC and reports ATC earnings on its consolidated balance sheet. Officers overlap. AVX exercises complete dominion and control over ATC, specifically in regard to the wrong complained of. AVX through its officers acted directly for and instead of ATC. AVX and ATC should be treated as a single entity. AVX is bound by the terms of the Employment Agreement between Plaintiff and ATC.

The Employment Agreement at issue contains a mandatory forum selection clause and mandatory choice of law clause, specifying "New York Law". Venue is proper and the action should not be transferred. AVX can properly defend the interests of ATC. Should AVX choose, ATC can intervene at any time.

Plaintiff argues that the action was properly filed in the Supreme Court of the State of New York pursuant to the requirements of the Employment Agreement. The Employment Agreement is the subject matter of this action. The action was properly commenced against AVX Corporation since it was AVX through its Vice President who acted directly and in place of ATC when AVX informed Wolf of AVX's determination that Wolf

should not receive compensation under the Employment Agreement. Certainly, ATC, a wholly owned subsidiary of AVX, is bound by the terms of the Employment Agreement. AVX is likewise bound by the terms of the Employment Agreement. AVX cannot acquire greater rights then those of its wholly owned and controlled subsidiary, since the rights of AVX are derivative and not independent or different.

AVX is bound by the mandatory choice of law [New York State Law] and mandatory forum selection [New York State Courts] clauses.

The operative facts occurred before the merger and occurred in New York State. The only person with personal knowledge other than Plaintiff, is Kathleen Kelly who works in New York on Long Island at the principal place of business of AVX's wholly owned subsidiary, ATC. The Plaintiff does not object to the efficiency of trial in New York, nor his need to travel to New York.

## STATEMENT OF FACTS

Plaintiff Judah Wolf entered into a written contract entitled "Employment Agreement" [hereinafter "Agreement"] with ATC dated December 31, 2001 setting forth the terms of Wolf's employment with ATC and due to expire on December 31, 2005. The Agreement was prepared by ATC. On September 28, 2005, by letter, Wolf advised ATC that he would not extend the expiration date of the Agreement. ATC by letter dated December 22, 2005 proposed, and Wolf agreed, that the term of the Agreement was extended but would expire on a date which was 90 days after notice was received from either party. In accord with the

Agreement, Wolf advised ATC on July 16, 2007 that he would not renew the Agreement and that the Agreement would expire on October 16, 2007. Approximately two weeks before the expiration date of the Agreement, AVX acquired all of the shares of ATC through a merger between ATC and a subsidiary of AVX. ATC was the surviving entity. This merger is described as a 100% take over of ATC by AVX pursuant to AVX's press release. The first communication from AVX Corporation in regard to the Agreement occurred when Wolf received a letter from Evan Slavitt, Vice President for Business and Legal Affairs for AVX. The November 6, 2007 letter advised Wolf that pursuant to the Agreement between Wolf and AVX's wholly owned subsidiary, he was bound by the "no compete" clause and, Wolf's salary during the "no compete" period would not be paid. Mr. Slavitt's letter repeatedly refers to "ATC/AVX" as one entity.

## ARGUMENT

### I.

### AVX AND ATC SHOULD BE CONSIDERED A SINGLE ENTITY. AND AS SUCH AVX IS BOUND BY THE TERMS OF THE AGREEMENT.

In support of Defendant's motion, the Declaration of Evan Slavitt is submitted. Mr. Slavitt, a Vice President of AVX is also a Director, Vice President, and Secretary of ATC. AVX is the beneficial owner of all shares (except for 1,000 shares) in ATC and controls ATC, as confirmed by AVX's decision not to pay Mr. Wolf. The earnings of ATC are reported on the consolidated balance sheet of AVX.

Clearly, AVX was the ultimate and sole arbiter in regard to the decision not to

pay Plaintiff and is legally responsible. AVX took immediate direction and control of the transaction through AVX's officers constituting direct intervention and ignoring the subsidiary's form.

Clearly, the domination and control was causally connected to the wrong. *David v. Glemby Co., Inc.*, 717 F. Supp. 162 (S.D. N.Y. 1989).

The claim that AVX and ATC are distinct entities is supported solely by Mr. Slavitt's conclusory assertion and are belied by the facts. *Data Probe, Inc. v. 575 Computer Services, Inc.*, 2 Misc.2d 602, 340 N.Y.S.2d 56 [N.Y.C. Civ., 1972].

The rights of AVX in the Agreement are derivative, not independent. As such, they can be no different or greater than the rights of ATC. AVX is bound by the forum selection clause and choice of law clauses in the Agreement.

## II.

## THE OPERATIVE EVENTS TOOK PLACE IN NEW YORK AND OCCURRED BEFORE THE MERGER

Nothing occurred in South Carolina other than Mr. Slavitt's voluntary posting of his letter sent in his capacity as Vice President of AVX on AVX stationary to Mr. Wolf. Ms. Kelly is the Vice President of ATC and is, and has been employed at the ATC offices in New York for the entire period of Mr. Wolf's employment with ATC. Ms. Kelly is the only person Mr. Wolf had contact with and the only person who has any personal knowledge. Mr. Slavitt states that the only facility owned by AVX in New York State is in Western New York. While this assertion may be technically correct, it is disingenuous since, its wholly owned subsidiary

ATC, is located on Long Island at the same address as recited in the original contract, and it is those contract obligations which are the subject matter of the action.

Mr. Slavitt does not have any personal knowledge of the facts except for hearsay and document review. The first and only contact that Mr. Wolf had with Evan Slavitt occurred after the contract expired, when Mr. Wolf received the November 6, 2007 letter. Mr. Slavitt's only personal knowledge would be that he wrote the letter, a document which not only speaks for itself but completely contradicts Mr. Slavitt's current assertion that ATC and AVX are operated as separate entities. Mr. Slavitt's testimony is not relevant, since the issue is a matter of documentary proof, based upon the contract and the letter Mr. Wolf sent to Ms. Kelly giving ninety (90) days' notice of the date that the Agreement would expire. Ms. Kelly was the person who asked Mr. Wolf to send a letter on October 15, 2007 to Mr. Lawing at AVX.

Mr. Slavitt further asserts that he will be called as a witness as to AVX's policies. The issue of AVX's policy is irrelevant. The obligations of Wolf under the Agreement were not increased as a result of the merger. The policy of ATC, to the extent relevant, can be testified to by Ms. Kelly. All of the persons mentioned by Mr. Slavitt, including the unnamed witnesses, are either employees of AVX or employees of AVX's wholly owned subsidiary, ATC, and their knowledge gained from hearsay or document review. The proposed testimony is cumulative since, if testimony is needed, Ms. Kelly can cover each of the areas mentioned. No disputed facts have been identified. Mr. Slavitt does not describe any of the "facts" in dispute, nor the "facts" known by these "witnesses" or the source of their knowledge of these "facts."

Defendant cannot meet either of the two criteria for transfer. The initial element is that the action is one that might have been brought in the proposed transferee district. The

action could not have been commenced in Florida due to the mandatory forum clause drafted by ATC, and imputed to AVX by virtue of its ownership, domination and control of ATC. It is Plaintiff's belief that the central issue in this action may be determined on the documents before the Court. The contents of these documents has never been disputed. Moreover, Defendant's only witness with personal knowledge of the facts, Kathleen Kelly, works in New York.

## III.

## THE MANDATORY FORUM SELECTION CLAUSE SHOULD BE ENFORCED

AVX has conceded that the choice of law provision is fully applicable and effective. Therefore the choice of forum clause must be deemed to be prima facie valid. Enforcement is not 'unreasonable' under the circumstances, is not contrary to the public policy, and is not so gravely difficult and inconvenient that Defendant will for all practical purposes be deprived of its day in court. *M/S Bremen v. Zapata Off-Shore Company*, 407 U.S. 1, 92 S. Ct. 1907, 1972 A.M.C. 1407, 32 L.Ed.2d 513.

The Employment Agreement [a copy of which is annexed to the complaint] states as follows:

> "17.  Governing Law. This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York, without giving effect to rules governing conflicts of law.
>
> 18.  Courts. Any action to enforce any of the provisions of this Agreement shall be brought in the courts of the State of New York. The parties hereby consent to the jurisdiction of the courts of the State

of New York."

The application of these clauses to the Employment Agreement is mandatory ["shall be governed"; "shall be brought"] and are enforceable under both New York State Law and Federal Law. Defendant concedes the applicability and enforceability of the mandatory choice of law clause by arguing that Florida courts are capable of applying New York law. Defendant cannot pick and choose among the clauses in the Agreement.

Defendant cites no exceptional facts or circumstances. Plaintiff has always resided in Florida and worked at a facility in Florida. This was known by ATC when the Agreement was prepared. Further, these facts are irrelevant and immaterial to the issues before the Court. ATC, now owned and controlled by AVX, drafted these clauses so it cannot claim that they are unjust or unreasonable or that the clause was obtained through fraud or overreaching as is legally required.

Defendant does not state that it will be deprived of a remedy nor do these clauses contravene a strong public policy of New York State.

The Plaintiff's choice of forum as dictated by the Mandatory Forum selection clause should be sustained.

## CONCLUSION

Defendant AVX Corporation's motion should be denied in all respects.

Dated: March 31, 2008
      New York, New York

Respectfully submitted,

By: _____
Joel Bernstein (JB 4488)
e-mail: joelb@solomonbernstein.com
SOLOMON & BERNSTEIN
351 Broadway, Third Floor
New York, New York 10013
Tel:   (212) 545 - 8611
Fax:  (212) 545 - 0238

*Attorneys for Plaintiff Judah Wolf*