Jennifer B. Rubin
e-mail: jbrubin@mintz.com
Michael S. Arnold
e-mail: msarnold@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY & POPEO, P.C.
Chrysler Center
666 Third Avenue,
New York, New York 10017
Tel:   (212) 935-3000
Fax:   (212) 983-3115

*Attorneys for Defendant AVX Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

JUDAH WOLF,

                Plaintiff,

    -against-

AVX CORPORATION,

                Defendant.

------------------------------------------------------------- x

Index No. 08 Civ. 934 (WHP)

**DEFENDANT AVX CORPORATION'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS
OR, ALTERNATIVELY, TO TRANSFER VENUE**

By Mr. Wolf's own choice, the sole defendant in this action is AVX, not ATC. As a result, Mr. Wolf rests his opposition to the motion to dismiss or transfer solely on his assertion that AVX and ATC are, in effect, a single entity. Given the heavy burden under any of relevant laws – New York, Delaware, South Carolina, and Florida – to support disregard of the corporate entity, the Court would scrutinize even a factually supported claim. In fact, Mr. Wolf, has wholly failed to carry his burden to demonstrate that this Court should pierce the corporate veil or even that there is a good faith basis to allege that piercing would be appropriate. Accordingly,

the presumption of corporate separateness remains undisturbed and the analysis must begin with the fact that AVX and ATC are and have always been separate entities. Without more, Mr. Wolf's premise is fatal to his opposition and this Court should grant the requested relief.

## I.

## AVX AND ATC ARE SEPARATE CORPORATE ENTITIES

Mr. Wolf contends that this action should remain in New York because ATC and AVX are a single entity and the forum selection clause in the Employment Agreement should be enforced against AVX, which never signed that agreement. Mr. Wolf provides no facts in support of his veil-piercing contention and, indeed, the only fact before this Court is that AVX is the sole defendant before it.

To pierce the corporate veil, a party must show that "(1) the owner exercised complete domination over the corporation with respect to the transaction at issue, and (2) such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *MAG Portfolio Consult. GMBH v. Merlin Biomed Group LLC*, 268 F.3d 58, 63 (2d Cir. 2001) (citation omitted); *see also Morris v. N.Y. State Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 141 (1993). Courts are reluctant under New York law to disregard the corporate form distinguishing two affiliated entities. *See William Wrigley Jr. Co. v. Waters*, 890 F.2d 594, 600 (2d Cir. 1989) ("It is well-settled that New York courts are reluctant to disregard the corporate entity."); *American Protein Corp. v. AB Volvo*, 844 F.2d 56, 60 (2d Cir. 1988) (recognizing a "presumption of separateness between a corporation and its owners . . . which is entitled to substantial weight").[1]

Other than the fact that AVX and ATC may share some – but not all – directors in common, Mr. Wolf does not present *any* evidence on the panoply of factors which must be

---

[1]   The laws in other possible jurisdictions are not materially different on this point.

considered in a veil-piercing claim. Those factors include (1) disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the degree of discretion shown by the allegedly dominated corporation; (7) whether the dealings between the entities are at arms length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debts by the dominating entity; and (10) intermingling of property between the entities. *See e.g., Time Square Construction, Inc. v. Mason Tenders District Counsel of Greater N.Y. & Long Island*, 07 Civ. 7250, 2008 WL 55116, at *4 (S.D.N.Y. Jan. 2, 2008) (refusing to pierce the corporate veil). No one factor is dispositive, so this failure is, itself, fatal. *See American Protein Corp.*, 844 F.2d at 60 (the existence of an interlocking directorate is a "commonplace circumstance of modern business" and alone "does not furnish proof of control as will permit a court to pierce the corporate veil"); *Time Square Construction, Inc.*, 2008 WL 55116, at *4 n. 54, 60 (mere overlap of corporate officers or corporate directors by a parent and subsidiary alone is insufficient to pierce the corporate veil).

Mr. Wolf does not contend that there is a lack of normal corporate formalities, under-capitalization, personal use of ATC's funds by AVX, intermingling of funds, or any other factor relevant to veil piercing. Further, the fact that Mr. Slavitt, an ATC director who also serves as general counsel of AVX (but who is not a director of AVX), may have written Mr. Wolf a letter on an AVX letterhead regarding his resignation shortly after a merger between AVX and ATC is of no consequence, other than justifying a transfer given Mr. Slavitt's residence outside of New York. The fact remains that AVX and ATC operate as separate entities in all respects and Mr. Wolf's argument to the contrary falls short.

## II.

### MR. WOLF HAS RAISED NO FACTS DEMONSTRATING THAT TRANSFER IS INAPPROPRIATE

This case is a dispute between a resident of Florida who has sued a Delaware corporation doing business in South Carolina, the crux of which is whether a contract between the Florida and South Carolina resident was breached. AVX is not a signatory to the contract, nor was the contract assigned to it. As a result, AVX is not bound by the forum selection clause. There is no doubt this action could have been brought in Florida because the forum selection clause did not bind AVX. Accordingly, the Court should dismiss the action or transfer it to the Middle District of Florida.

### CONCLUSION

For the foregoing reasons and the reasons stated in defendant's moving brief, the Court should dismiss the Complaint entirely or transfer this action to Middle District of Florida.

Dated: April 7, 2008
New York, New York

Respectfully submitted,

By: _____
Jennifer B. Rubin
e-mail: jbrubin@mintz.com
Michael S. Arnold, Esq.
e-mail: msarnold@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY & POPEO, P.C.
Chrysler Center
666 Third Avenue
New York, NY 10017
Tel:   (212) 935-3000
Fax:  (212) 983-3115

*Attorneys for Defendant AVX Corporation*