USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/22/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X
JUDAH WOLF,                                    :

                 Plaintiff,      :

     -against-                           :

AVX CORPORATION,                        :

              Defendant.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

08 Civ. 934 (WHP)

MEMORANDUM AND ORDER

WILLIAM H. PAULEY III, District Judge:

        Plaintiff Judah Wolf ("Wolf") brings this action against Defendant AVX

Corporation ("AVX") seeking a declaratory judgment that the non-compete clause in his

employment agreement with a subsidiary of AVX is void. AVX moves to dismiss the action for

improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §§ 1391(a) and 1406(a), or, in

the alternative, to transfer the action to the Middle District of Florida pursuant to 28 U.S.C. §

1404(a). For the following reasons, AVX's motion to dismiss pursuant to Rule 12(b)(3) is

granted.

BACKGROUND

        American Technical Ceramics Corporation ("ATC") is a Delaware corporation

with its principal place of business in Huntington Station, New York. (Complaint dated Jan. 9,

2008 ("Compl.") ¶ 2.) AVX is a Delaware corporation with its principal place of business in

Myrtle Beach, South Carolina. (Declaration of Evan Slavitt dated Mar. 24, 2008 ("Slavitt

Decl.") ¶ 2.) AVX acquired substantially all of ATC's shares in September 2007, merging a

-1-

subsidiary with ATC.  (Declaration of Judah Wolf dated Mar. 28, 2008 ("Wolf Decl.") ¶¶ 3-4,

Ex. B: Initial statement of changes in beneficial ownership dated Sep. 25, 2007.)  AVX and ATC

remained distinct corporate entities after the merger.  (Slavitt Decl. ¶ 3; Wolf Decl. Ex. E: New

York State Department of State Division of Corporations entity information for ATC.)

  Wolf, a Florida resident, signed an employment agreement with ATC effective

through December 31, 2005, pursuant to which he worked in ATC's Jacksonville, Florida

facility.  (Compl. ¶¶ 1, 3, Ex. A: Employment agreement dated Dec. 31, 2001 (the "Agreement")

¶ 1; Slavitt Decl. ¶ 4.)  Prior to the Agreement's expiration, Wolf and ATC agreed to extend the

Agreement indefinitely.  (Compl. ¶ 6.)  On July 16, 2007, Wolf informed ATC of his intention to

terminate the Agreement on October 16, 2007.  (Compl. ¶ 7.)  By letter dated November 6, 2007,

AVX's counsel, who was also a director and officer of ATC, informed Wolf that he was bound

by the non-compete clause in the Agreement.  (Compl. Ex. E: Letter from Evan Slavitt to Judah

Wolf; Wolf Decl. ¶ 3.)

  The Agreement required that "[a]ny action to enforce any of the provisions of this

Agreement shall be brought in the courts of the State of New York."  (Compl. Ex. A ¶ 18.)


## DISCUSSION

### I. Motion to Dismiss for Improper Venue

  "A civil action wherein jurisdiction is founded only on diversity of citizenship

may, except as otherwise provided by law, be brought only in (1) a judicial district where any

defendant resides, if all defendants reside in the same State, (2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial

district in which any defendant is subject to personal jurisdiction at the time the action is
commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. §
1391(a). "[O]n a Rule 12(b)(3) motion to dismiss based on improper venue, the burden of
showing that venue in the forum district is proper falls on the plaintiff." United States Envtl.
Prot. Agency ex rel. McKeown v. Port Auth. of New York & New Jersey, 162 F. Supp. 2d 173,
183 (S.D.N.Y. 2001). Although a court may consider facts outside the pleadings, it "must take
all allegations in the complaint as true, unless contradicted by the defendants' affidavits . . . [and]
must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff."
United States Envtl. Prot. Agency, 162 F. Supp. 2d at 183.

      Because AVX is not a resident of this district, and the action could have been
brought elsewhere—for instance, in Delaware or South Carolina, where AVX resides—this
district is a proper venue only if the plaintiff can show that "a substantial part of the events or
omissions giving rise to the claim occurred" in this district. See 28 U.S.C. § 1391(a)(2). "Courts
making venue determinations in contract disputes have looked to such factors as where the
contract was negotiated or executed, where it was to be performed, and where the alleged breach
occurred." Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 357 (2d Cir. 2005) (internal quotation
marks and citation omitted). Wolf performed the Agreement in Florida, where he resided and
worked for ATC. Although Wolf asserts that ATC drafted the Agreement, there is no evidence
that it drafted the agreement in New York, or that the Agreement was signed, negotiated or
executed in New York. Wolf does not allege any other events took place in New York. Because
Wolf has not met his burden to show that events giving rise to his claim occurred in this district,
venue here is improper.

-3-

II. Forum Selection Clause

      Wolf argues that AVX and ATC should be considered a single entity, and that AVX is bound by the Agreement's forum selection clause. "New York courts are reluctant to disregard the corporate entity . . . and will [do so] only when it can be demonstrated that the corporate form has been used to achieve fraud, or when the corporation has been so dominated . . . by an individual [or parent company] and its separate identity so disregarded, that it primarily transacted the dominator's business rather than its own and can be called the other's alter ego." William Wrigley Jr. Co. v. Waters, 890 F.2d 594, 600 (2d Cir. 1989) (internal quotation marks and citations omitted). To "pierce the corporate veil" and hold a parent corporation responsible for the agreements its subsidiary enters into, courts consider "(1) disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the degree of discretion shown by the allegedly dominated corporation; (7) whether the dealings between the entities are at arms length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debts by the dominating entity, and (10) intermingling of property between the entities." MAG Portfolio Consultant, GMBH v. Merlin Biomed Group LLC, 268 F.3d 58, 63 (2d Cir. 2001).

      AVX and ATC remained distinct corporate entities after AVX's subsidiary merged with ATC. Wolf's only evidence to support piercing AVX's corporate veil is that AVX acquired almost all of ATC's shares, that AVX's counsel was also a director and officer of ATC, and that AVX's counsel informed Wolf that he was bound by the non-compete clause in the

Agreement. Because Wolf has not established that AVX and ATC should be treated as a single

entity, the forum selection clause in the Agreement is irrelevant to whether this district is the

proper venue for Wolf to sue AVX.


III.  Dismiss or Transfer

        If a defendant prevails on a Rule 12(b)(3) motion, the court must dismiss, or, "in

the interests of justice," transfer the case to any district in which it could have been brought.  28

U.S.C. § 1406(a).  "Whether dismissal or transfer is appropriate lies within the sound discretion

of the district court." Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993).  The

interests of justice dictate transferring rather than dismissing the action if a plaintiff would be

time-barred from re-filing the claim elsewhere, Daniel v. American Bd. of Emergency Medicine,

428 F.3d 408, 435 (2d Cir. 2005), or if a court can ascertain with certainty the proper venue,

Metropa Co. v. Choi, 458 F. Supp. 1052, 1055-56 (S.D.N.Y. 1978).  However, the statutes of

limitations for Wolf's contract claim are not at risk of running in Florida or South Carolina in the

immediate future. See Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999)

(statute of limitations for contract claims in Florida is five years); Walsh v. Woods, 594 S.E.2d

548, 551 (S.C. App. 2004) (statute of limitations for contract claims in South Carolina is three

years).  Moreover, venue in this action likely would be proper both in Florida, where the events

giving rise to the claim appear to have taken place, and in South Carolina or Delaware, where

AVX resides.  See 28 U.S.C. §§ 1391(a)(1),(2).  Accordingly, without a compelling reason to

preserve the action or a clear venue to which to transfer it, this Court dismisses the action.

CONCLUSION

For the foregoing reasons, AVX's motion to dismiss the claim pursuant to Rule 12(b)(3) is granted. The Clerk of Court shall terminate all motions pending as of this date and mark the case closed.

Dated: June 27, 2008
New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of record:*

Joel Bernstein, Esq.
Solomon & Bernstein
351 Broadway, Third Floor
New York, NY 10013
*Counsel for Plaintiff*

Jennifer Beth Rubin, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.
The Chrysler Center
66 Third Avenue
New York, NY 10017
*Counsel for Defendant*